

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 4:25-cr-35 |
| v. | ) | |
| | ) | 18 U.S.C. §§ 1343 and 2 |
| MATTHEW PAUL TAYLOR, | ) | Wire Fraud |
| a/k/a "Matt Taylor" | ) | (Counts 1–6) |
| a/k/a "Matthew Wolfe" | ) | |
| a/k/a "Matt Wolfe" | ) | 18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c) |
| Defendant. | ) | Asset Forfeiture |
| | ) | |

INDICTMENT

May 2025 Term – at Newport News, Virginia

THE GRAND JURY CHARGES THAT:

GENERAL ALLEGATIONS

At all relevant times:

1. MATTHEW PAUL TAYLOR, a/k/a "Matt Taylor," a/k/a "Matthew Wolfe," a/k/a "Matt Wolfe," the defendant herein (hereinafter "the defendant"), resided in Beavercreek, Ohio.

2. From in or about 2017 and to in or about December 2022, the defendant owned and operated a construction business named Taylor and Taylor Group. The business was located in Cincinnati, Ohio.

3. VICTIM 1, doing business as BUSINESS 1, was the franchise owner of BUSINESS 2, located at **** George Washington Memorial Highway, Yorktown, VA 23692.

4. In or about September 2020, VICTIM 1 looked for a general contractor to complete the build out of BUSINESS 2, which VICTIM 1 planned to open as a franchise of a national chain of restaurants.

5. In or about September 2020, the defendant submitted the lowest bid to become the general contractor for the build out of BUSINESS 2.

6. In or about October 2020, VICTIM 1 accepted the bid.

7. VICTIM 1 and the defendant signed a contract between BUSINESS 1 and Taylor and Taylor Group for the buildout of BUSINESS 2 for approximately $179,000.00.

8. The defendant and his business did not have the proper licensure to be a general contractor in York County, Virginia, so he used the license of BUSINESS 3 without its consent.

9. On or about November 2, 2020, the defendant submitted a permit application to York County Division of Building Regulation.

10. On or about November 2, 2020, the defendant submitted a Department of Professional and Occupational Regulation (DPOR) contractor license with a license number ending in 0254 with his permit application to York County Division of Building Regulation.

11. On or about November 17, 2020, a York County permit technician looked up the DPOR contractor license number provided by the defendant and it showed DPOR license number ending in 0254 was in the name of BUSINESS 3.

12. On or about November 19, 2020, a York County building permit was issued to BUSINESS 3, address **** Montgomery Rd, Cincinnati, Ohio. The permit location was BUSINESS 2 located at **** George Washington Memorial Hwy, Yorktown, Virginia.

13. BUSINESS 3 is not affiliated with Taylor and Taylor Group.

14. BUSINESS 3 is a construction company located in Indiana.

15. The defendant made false representations to solicit VICTIM 1 for funds to pay the subcontractors and materials.

16. On or about November 2, 2020, VICTIM 1 sent a wire transfer of $53,700 to the defendant for contracted services of BUSINESS 2 to cover the cost of subcontractors and materials.

17. The defendant again solicited VICTIM 1 for funds to pay the subcontractors and materials. On February 16, 2021, VICTIM 1 sent a second wire transfer of $53,700 to the defendant for contracted services of BUSINESS 2 to cover these costs.

18. VICTIM 2 was a plumbing business headquartered in the Eastern District of Virginia and a subcontractor hired by the defendant to do work on BUSINESS 2.

19. VICTIM 3 was an electrical business headquartered in the Eastern District of Virginia and a subcontractor hired by the defendant to do work on BUSINESS 2.

20. Instead of paying for materials and the subcontractors, to include VICTIM 2 and VICTIM 3, for BUSINESS 2, the defendant diverted the funds for his personal expenditures and private gain.

21. In or about February 2021, VICTIM 1 was notified by the saw cut concrete contractor, a subcontractor working on the project to build BUSINESS 2, that they had not received any payments from the defendant for seventy days. VICTIM 1 contacted the defendant who falsely advised that a check was being sent to the subcontractor. More subcontractors began contacting VICTIM 1 about not receiving payment from the defendant. While the saw cut concrete contractor was eventually paid by the defendant, the other subcontractors for the project remained unpaid.

22. VICTIM 1 paid the subcontractors who continued working from her personal funds due to the defendant not paying the subcontractors.

23. On or about March 11, 2021, the defendant sent VICTIM 1 an email falsely representing that he would send her the money he owed in two to three weeks.

24. On or about March 16, 2021, the defendant sent VICTIM 1 an email falsely promising to issue her a check.

25. On or about March 29, 2021, the defendant made false representations to regulators at the Ohio Attorney General's Office, Consumer Protection Section regarding the contracted services of BUSINESS 2.

26. As a result of the scheme and artifice to defraud, the defendant fraudulently obtained not less than $107,400 from VICTIM 1.

## THE SCHEME AND ARTIFICE

27. The object of the scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses, representations, and promises was for the defendant to obtain upfront payments from victims to act as a general contractor and divert those funds for his personal gain without paying subcontractors working on the jobs.

28. It was part of the scheme and artifice to defraud that the defendant entered into contracts with victims such as VICTIM 1 to act as the general contractor to construct businesses like BUSINESS 2.

29. It was further part of the scheme and artifice to defraud that the defendant falsely represented to victims that he would act as a general contractor, oversee construction and employ subcontractors.

30. It was further part of the scheme and artifice to defraud that the defendant would engage a project manager and dumpster for a job site to get the work going and then not pay the subcontractors.

31. It was further part of the scheme and artifice to defraud that the defendant would communicate through phone and email rather than meeting in person.

32. It was further part of the scheme and artifice to defraud that the defendant used the construction and business licenses of licensed contractors to conceal the fact he was unlicensed in the requisite jurisdiction.

33. It was further part of the scheme and artifice that the defendant sent emails to victims making false promises to send money when in fact, as he then and there knew, he did not intend to send money to his victims.

34. It was further part of the scheme and artifice to defraud that the defendant would stop responding to subcontractor's emails requesting payment.

35. It was further part of the scheme and artifice to defraud that the defendant would send emails to subcontractors, including VICTIM 2 and VICTIM 3, making false promises about payments.

36. It was further part of the scheme and artifice to defraud that the defendant falsely represented that he needed to or was going to file for bankruptcy.

37. It was further part of the scheme and artifice that the defendant caused electronic transfers of information to occur between locations in the Eastern District of Virginia and terminals and/or computer servers located outside the Commonwealth of Virginia.

## COUNTS ONE THROUGH SIX
(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations contained in the General Allegations section (including "The Scheme and Artifice" section) are incorporated herein by reference as if set out in full.

2. Between in or about 2020 to in or about 2023 and in connection with the transactions described below, MATTHEW PAUL TAYLOR, a/k/a "Matt Taylor," a/k/a "Matthew Wolfe," a/k/a "Matt Wolfe," the defendant herein, aided and abetted by others known and unknown, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false, fraudulent, and fictious pretenses, representations and promises, as described in paragraphs 27 to 37 above, and incorporated herein by reference, and for the purpose of executing the aforesaid scheme and artifice, in the Eastern District of Virginia and elsewhere, did knowingly and willfully transmit and cause to be transmitted by means of wire communication in interstate commerce, the following certain signs, signals, and sounds, as set forth in the table below, from, to, or through computers and terminals located outside the Commonwealth of Virginia, to or through locations in the Eastern District of Virginia.

| COUNT | DATE (on or about) | TRANSACTION |
|---|---|---|
| 1 | 11/02/2020 | The defendant solicited funds from VICTIM 1 in Virginia, who subsequently wired $53,700.00 to the defendant in Ohio. |
| 2 | 02/11/2021 | The defendant emailed VICTIM 2 making false representations to VICTIM 2 regarding the status of payment. |
| 3 | 02/17/2021 | The defendant emailed VICTIM 3 making false representations to VICTIM 3 regarding the status of payment. |
| 4 | 02/24/2021 | The defendant emailed VICTIM 2 making false representations to VICTIM 2 regarding the status of payment. |
| 5 | 03/11/2021 | The defendant emailed VICTIM 1 making false representations regarding payment to VICTIM 1. |
| 6 | 03/16/2021 | The defendant emailed VICTIM 1 making false representations to VICTIM 1 regarding payment to VICTIM 1. |

(In violation of Tile 18, United States Code, Sections 1343 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendant, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.).

(In accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).)

*United States v. Matthew Paul Taylor*
Criminal No. 4:25-cr-35

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

ERIK S. SEIBERT
UNITED STATES ATTORNEY

By: _____
Therese N. O'Brien
D. Mack Coleman
Assistant United States Attorneys
United States Attorneys' Office
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: therese.o'brien@usdoj.gov
       mack.coleman@usdoj.gov